IN the MATTER OF DISCIPLINARY
PROCEEDINGS AGAINST Robert J.
HEILGEIST, Attorney at Law.

Supreme Court

*No. 85–2014–D. Filed June 2, 1987.*
(Also reported in 406 N.W.2d 424.)

PER CURIAM. *Attorney disciplinary proceeding; attorney's license suspended.*

The referee recommended that the license of Robert J. Heilgeist to practice law in Wisconsin be suspended for six months as discipline for unprofessional conduct. Because Mr. Heilgeist has been suspended from membership in the State Bar since 1984 for failing to satisfy continuing legal education requirements and has also failed to comply with the court's 1985 order imposing a 90-day suspension of his license for unprofessional conduct, the referee recommended that the six-month suspension as discipline in this proceeding not commence until Mr. Heilgeist has been reinstated to State Bar membership and has

complied with the court's prior suspension order. The misconduct for which the referee in this proceeding recommended a six-month suspension of Mr. Heilgeist's license consisted of his having purported to be authorized and qualified to practice law in Wisconsin, knowing that his license was suspended. In addition, Mr. Heilgeist failed to comply with the court's rules concerning an attorney whose license has been suspended and failed to comply with the court's order requiring him to pay the costs of the prior disciplinary proceeding.

We determine that a six-month suspension of Mr. Heilgeist's license to practice law in Wisconsin is appropriate discipline for his unprofessional conduct in these matters, particularly in light of previous misconduct for which he was disciplined. Mr. Heilgeist has repeatedly demonstrated his refusal to comply with the court's rules governing the ethical conduct of attorneys and to conform to the rules and orders of the court with respect to lawyer competence and discipline.

Mr. Heilgeist was licensed to practice law in Wisconsin in 1979 and practices in Illinois and, prior to his license suspension, in Twin Lakes, Wisconsin. In 1983 the court publicly reprimanded him for having commenced a meritless libel and malpractice action against another attorney. In 1984 he was suspended from membership in the State Bar for failing to satisfy the continuing legal education requirement for attorneys and he remains suspended. The court again disciplined him in 1985, imposing a 90-day suspension as reciprocal discipline to that imposed by the Illinois attorney disciplinary authorities for his having participated in the creation of false evidence. Mr. Heilgeist did not comply with the 1985 suspension order by

failing to pay the costs of that proceeding and failing to file the affidavit required by SCR 22.26(4) concerning his activities upon the suspension of his license. The referee in this proceeding is Attorney William Bunk.

Following a hearing, the referee found that in April, 1985 a Wisconsin resident retained Mr. Heilgeist to represent him in an injury received at a high school in this state. The man went to Mr. Heilgeist's law office in Illinois, met with his secretary and signed a retainer contract. Thereafter, the client met with Mr. Heilgeist at that office, and Mr. Heilgeist informed him that any litigation in Wisconsin would be handled by a Wisconsin lawyer. Subsequently, Mr. Heilgeist wrote to the high school concerning the accident and enclosed a notice of lien, which set forth that it had been obtained under Illinois law. The referee found no evidence, however, that Mr. Heilgeist acted in this legal matter while in Wisconsin.

The referee concluded that Mr. Heilgeist's conduct in the matter did not constitute the practice of law in Wisconsin and, therefore, did not violate either SCR 22.26(2), which prohibits a suspended attorney from practicing law, or SCR 20.18(2), proscribing the unauthorized practice of law. However, the referee did conclude that Mr. Heilgeist purported to be authorized and qualified to practice law in Wisconsin, in violation of SCR 10.03(4). In his letter to the high school, Mr. Heilgeist wrote that if he did not hear from the school or its insurer within a reasonable time, his next notice to them would be a lawsuit. This, the referee concluded, implied that Mr. Heilgeist was authorized and qualified to commence the threatened action in Wisconsin. In addition, the letterhead sta-

tionery Mr. Heilgeist used included a Wisconsin law office address and telephone number.

The referee also concluded that Mr. Heilgeist failed to comply with the requirement that an attorney whose license to practice law has been suspended file an affidavit within 25 days after the effective date of the suspension showing full compliance with the provisions of the suspension order, SCR 22.26(4). Further, Mr. Heilgeist failed to comply with the court's 1985 suspension order requiring him to pay the costs of that disciplinary proceeding within a specified time, absent a showing of an inability to pay those costs.

We adopt the referee's findings of fact and conclusions of law, and we agree that a six-month suspension of his license to practice law in Wisconsin is appropriate discipline for his unprofessional conduct. We also agree that the six-month suspension should not commence until Mr. Heilgeist has complied with prior suspension orders. Because the six-month suspension we impose in this proceeding does not have at this time an ascertainable commencement date, we impose a suspension for an indefinite period, subject to further order of the court.

IT IS ORDERED that the license of Robert J. Heilgeist to practice law in Wisconsin is suspended, effective the date of this order and until further order of the court.

IT IS FURTHER ORDERED that within 120 days of the date of this order Robert J. Heilgeist pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing of his inability to pay the costs within the time specified, the license of Robert J.

Heilgeist to practice law in Wisconsin shall be suspended until further order of the court.

IT IS FURTHER ORDERED that Robert J. Heilgeist comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.